IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **YOUNG AGAIN PRODUCTS, INC.,** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| vs. | * | Case No. RWT 03-CV-2441 |
| | * | |
| **JOHN ACORD, et al.,** | * | |
| | * | |
| Defendants | * | |

## MEMORANDUM OPINION

On August 20, 2003, Plaintiff filed a Complaint against various Defendants alleging breach of contract, trademark infringement, unfair competition, and copyright infringement stemming from the Defendants' allegedly unlawful use of Plaintiff's federally registered marks. On March 25, 2004, the Court granted Plaintiff's Motion for a Preliminary Injunction, and enjoined the Defendants, for the pendency of this litigation, from using seven of Plaintiff's protected marks. Paper No. 34. On the same date, the Court entered a final injunction by consent, enjoining the Defendants from using eight of Plaintiff's other protected marks. Paper No. 35  Soon after these injunctions, the Defendants filed an Answer, and the Court issued a Scheduling Order. On April 16, 2004, Plaintiff filed a Motion to Enforce the Preliminary Injunction and the Consent Final Injunction. A hearing on that Motion was conducted on May 19, 2004 and, as a result of that hearing as well as negotiations between the parties, another Consent Injunction (the "Second Consent Injunction"), approved by the Court, was entered. Paper No. 57. Since the Second Consent Injunction was entered, Plaintiff has filed numerous motions for its enforcement and for contempt. Each time the Plaintiff filed a motion of this nature the Court, after considering the motion and responsive pleadings, convened a hearing in open court.

Plaintiff's most recent Emergency Motion to Enforce the Consent Injunction and for Contempt was filed on November 19, 2004. An evidentiary hearing was held on February 3, 2005, at the conclusion of which the Court noted that more discovery was needed before it could determine what violations of the Court's injunctions had occurred. Consistent with this Court's oral rulings at the February 3rd hearing, the Court granted the Parties' Consent Motion to Extend the Discovery Deadlines to permit additional discovery relevant to the Emergency Motion. Paper No. 108. The Court's Order established a fact discovery deadline of June 1, 2005 and, as such, expected Plaintiff to submit any relevant subpoenaed documents and additional argument soon after that date, permitting the Court to issue a timely ruling.

For good cause shown, Judge Connelly of this Court extended the fact discovery deadline to August 29, 2005 upon joint request by the parties. Paper No. 127. This Order did not affect the remaining discovery dates. On July 20, 2005, the parties filed another Consent Motion for Extension of Time as to all discovery deadlines. This Motion seeks to extend the fact discovery deadline to October 15, 2005 and similarly modify the remaining discovery deadlines, culminating with a dispositive pretrial motions deadline of March 12, 2006. The Court finds that, just as was true with the former consent motions, good cause exists to extend the deadlines and develop the full picture of the relevant facts necessary for a resolution of this case. As a result, the Court will be unable to rule on Plaintiff's Emergency Motion filed on November 19, 2004 until fact discovery has been completed and Plaintiff incorporates this new information into a supplement to its original motion. Congress has evinced its disapprobation of stagnant motions that remain pending for an abnormally

long time. Considering Congress' goal with regard to the disposition of open motions, the Court will, by separate order, deny Plaintiff's Emergency Motion to Enforce the Injunction without prejudice to the right of the Plaintiff to file a similar motion to enforce the injunction and for contempt.


July 22, 2005                                             /s/
    Date                                        ROGER W. TITUS
                              UNITED STATES DISTRICT JUDGE